UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| HURST VON BRUSKIE,<br>a/k/a GREGORY ANTHONY SMITH,<br><br>      Plaintiff,<br><br>v.<br><br>Minnesota Department of Corrections,<br>JOAN FABIAN, Commissioner,<br><br>      Defendant. | Civil No. 07-2213 (PAM/SRN)<br><br><br><br>**REPORT AND RECOMMENDATION** |

      This matter is before the undersigned United States Magistrate Judge on Plaintiff's request for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915. (Docket Nos. 2 and 6.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be dismissed without prejudice.

      Plaintiff, a state prisoner, commenced this action by filing a self-styled petition seeking a writ of habeas corpus. (Docket No. 1.) The Court reviewed that petition shortly after it was filed, and determined that Plaintiff was challenging the conditions of his confinement, rather than the fact or duration of his confinement. As a result, Plaintiff's claims for relief are not properly reviewable in a habeas corpus action. See Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam) ("[i]f the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy"). Therefore, the Court entered

an order on May 11, 2007, (Docket No. 3), which summarily dismissed Plaintiff's habeas corpus petition, and granted him leave to file a civil complaint instead. Plaintiff was further advised that he would have to either pay the full $350.00 filing fee that is required for a non-habeas civil action, (see 28 U.S.C. § 1914(a)), or else re-apply for IFP status and pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). The Court's prior order also specifically reminded Plaintiff that his new IFP application would have to include the certified trust account information that is required by 28 U.S.C. § 1915(a)(2).

On June 4, 2007, Plaintiff filed a new document that has been construed to be a civil complaint, (Docket No. 5), as well as a new IFP application, (Docket No. 6). However, despite the explicit reminder in the Court's earlier order, Plaintiff's amended IFP application did not include the certified trust account information required by § 1915(a)(2). Furthermore, Plaintiff did not tender his initial partial filing fee, as required by § 1915(b)(1), (and reiterated in the Court's earlier order).

Therefore, on July 6, 2007, the Court entered another order, (Docket No. 7), which afforded Plaintiff one final opportunity to submit both (a) a new IFP application showing the requisite trust account information, and (b) his initial partial filing fee. That second order expressly advised Plaintiff that if he did not submit a compliant IFP application, as well as his initial partial filing fee, within twenty (20) days, he would be deemed to have abandoned this action, and the Court would recommend that the action be summarily dismissed.

The deadline for satisfying the requirements of the Court's order of July 6, 2007, has now expired. To date, however, Plaintiff has not submitted either a new IFP application or any initial partial filing fee; nor has he offered any excuse for his failure to do so. Therefore, based on the Court's express warning regarding the consequences that would follow if

Plaintiff failed to comply with the requirements of the order of July 6, 2007, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be summarily dismissed without prejudice.  See Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders).  See also In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to submit financial information required by § 1915(a)(2) or initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Amick v. Ashlock, No. 04-1171 (8th Cir. 2004), 2004 WL 2603590 (unpublished opinion) (prisoner lawsuit can properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

## RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's request for leave to proceed in forma pauperis, (Docket Nos. 2 and 6), be **DENIED**; and

2.  This action be **DISMISSED WITHOUT PREJUDICE**.

Dated:   August 21, 2007               s/ Susan Richard Nelson
                                       SUSAN RICHARD NELSON
                                       United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **September 6, 2007** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is

therefore not appealable to the Circuit Court of Appeals.